**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**James R. ATKINS, An Individual Doing Business as Rappahannock Oyster Company, Defendant.**

**Civ. A. No. 4164.**

United States District Court
E. D. Virginia,
Richmond Division.

July 19, 1965.

Wm. H. Horkan, Atty., Dept. of Labor, S. W. Phillips, Asst. U. S. Atty., Richmond, Va., for plaintiff.

Wm. B. McLeod, Dunton, McLeod & Simmons, White Stone, Va., for defendant.

BUTZNER, District Judge.

This case is before the Court at this time on the plaintiff's motion to amend the complaint. The complaint was filed November 30th, 1964. It recites that it is brought by the Secretary of Labor to enjoin the defendants from violating provisions of Section 15(a) (1), and (a) (2) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a) (1) and (2). Jurisdiction of this action is conferred on this Court by Section 17 of the Act, 29 U.S.C. § 217.

The complaint then goes on to describe the owner of the business, contains an allegation pertaining to interstate commerce and alleges that the defendant violated the act and is presently violating the act by paying to his employees, wages of less than $1.00 an hour or less than $1.15 an hour depending upon the appropriate period. It is also alleged that the defendant has failed to keep books.

Finally it states that a judgment enjoining and restraining the violations alleged is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217. It concludes: "Wherefore, cause having been shown, plaintiff demands judgment permanently enjoining and restraining defendant, and all persons acting or claiming in his behalf and interest, from violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Act."

The defendant answered on December 22nd, 1964. The case was called at a pretrial on April 21, 1965. A cutoff date was fixed for June 19, 1965 for all pretrial discovery. The case at that time was not set for trial.

On June 17th, 1965 the Government filed a motion to amend asking that the following be added to the complaint: "and enjoining and restraining the defendant from withholding payment of minimum wages found by the Court to be due to present and former employees of the defendant under the act." In the meantime, prior to the date the amendment was filed, the parties had undertaken negotiations to reach a stipulation. Those negotiations were successfully concluded, and the parties entered into a stipulation. However, during those negotiations counsel for the Government stated that they had under consideration the amendment. It is not contended that the stipulation was entered into under any deceptive practice. In fact counsel for the plaintiff and counsel for the defendant have indicated that no such thing took place, that counsel for the defendant was advised of the possibility of an amendment and that he was not mislead into stipulating any matters.

The case must be considered in connection with the provisions of 29 U.S.C. § 217 because the plaintiff specified in its complaint that it was proceeding under that section and was asking relief under that section.

That section includes the relief for which plaintiff seeks the amendment. There is a question in the Court's mind as to whether the amendment is even necessary, but at any rate the section provides, "The district courts, * * * shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a) (2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter."

The case is also complicated by the fact that the amendment was filed at a time when, if it is allowed, the statute of limitations could bar for all practical purposes most of the money sought to be obtained in back wages.

Rule 15(c) of the Federal Rules of Civil Procedure provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." There is no question whatsoever that the conduct, transaction, or occurrence was set forth or attempted to be set forth in the original pleadings, no attempt is made to even amend the complaint in that regard.

The Court is of the opinion that under Rule 15(c) the amendment should be allowed. There are many many cases that touch upon this problem. It is unnecessary to go into them. The problem is discussed in 3 Moore's Federal Practice, Section 15.15(3). Many of the cases are cited there. The ruling which the Court has made is consistent with the authorities stated in Moore.